**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHARLES CARD,**

       **Petitioner,**

**v.**                                                                  **CIVIL ACTION NO.: 3:20-CV-170
(GROH)**

**BRYAN ANTONELLI, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On September 10, 2020, Petitioner acting pro se filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner is a federal inmate housed at Hazelton United States Penitentiary, who challenges his sentence imposed in District of Columbia, which he alleges has subsequently been miscalculated by the Federal Bureau of Prisons ("BOP").

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:20-CV-170, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence[2]

On March 31, 1993, Petitioner was charged in the District of Columbia Superior Court case number 1993-FEL-003223 with first-degree murder.  On September 11, 1995, Petitioner was convicted following a jury trial of first-degree murder.  Petitioner was sentenced to not less than thirty years to life imprisonment.

### B.   Instant 2241 Petition

Petitioner raises three claims for relief, all of which essentially assert the same argument: that he is being illegally detained because on April 10, 2020, the District of Columbia, the jurisdiction where he was convicted of murder in 1992, passed a new law which grants him retroactive good time at the rate of 54 days per year, and which makes him eligible for immediate release or parole eligibility.  ECF No. 1 at 5 – 6, 1-1. Petitioner states that he has not exhausted available administrative remedies, because his case "involves at least three [ ] different United States agencies; and to exhaust either or all of three would be futile [ ] causing irreparable injury."  Id. at 7 – 8.  For relief, Petitioner asks the Court to order his immediate release, or an immediate parole hearing or a stay if exhaustion is deemed necessary.  ECF No. 1 at 8.

On September 17, 2020, Petitioner filed two motions for additional relief, which are styled, "Petitioner's Ex Parte Request for Injunctive Relief" and "Petitioner's/Movant's Ex Parte Request for Court's Order to Show Cause".  ECF Nos.

---

[2]  The facts in section II.A. are taken from the docket of Petitioner's criminal case, 1993-FEL-003223, which is available online in the District of Columbia Superior Court Online Case Search eAccess https://www.dccourts.gov/superior-court/cases-online  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

7, 8.   In his motion for injunctive relief, Petitioner requests that the Court enjoin his illegal" imprisonment by the respondent, United States of America and various agencies.  ECF No. 7 at 1.

## III.   LEGAL STANDARD

### A.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.   Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

**B.    Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV.    ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.  Porter v. Nussle, 534 U.S. 516,

524 (2002) (citing <u>Booth</u>, 532 U.S. at 741).   "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under  28 U.S.C. § 1915 to dismiss the case sua sponte.  <u>Custis v. Davis</u>, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to <u>McClung</u>, failure to exhaust may only be excused upon a showing of cause and prejudice.  Petitioner has not claimed any excuse for his failure to exhaust. As recognized in <u>Carmona</u>, <u>supra</u>, which was cited by the Fourth Circuit in its opinion in <u>McClung</u>:

>  [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
>  Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

<u>Carmona</u>, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust available administrative remedies.  ECF No. 1 at 7 – 8.  Petitioner states that he believes pursuing available administrative remedies would be futile, because his case involves three different agencies, and pursuit of administrative remedies would cause "irreparable injury".  Id. at 8.

Petitioner has failed to exhaust all administrative remedies available to his claim that he is entitled to Good Time Credit under a newly enacted District of Columbia statute, which would make him immediately eligible for parole or release.  Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

To the extent that Petitioner seeks an injunction in his motion [ECF No. 7], the relief he requests is essentially the same relief sought in his petition for habeas corpus.  However, Petitioner failed to make a showing that he meets the standard for granting injunctive relief which was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

In this Report and Recommendation, the Court has addressed the issues raised by Petitioner in his motion [ECF No. 7] for injunctive relief, which renders moot the motion

itself.  The same is true for Petitioner's motion [ECF No. 8], the substance of which has also been addressed by the Court in this Report and Recommendation, thus Petitioner's motion [ECF No. 8], is also rendered moot.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that the Petitioner's motions [ECF No. 7, 8] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.

The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** September 23, 2020

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE